# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 20-258-RGA |
| ASTON MARTIN, LLC, | : |
| Defendant. | : |

**ORDER**

Plaintiff obtained a default (D.I. 12) and thereafter moved for a default judgment in this patent case. (D.I. 17). Plaintiff's motion was accompanied by the affidavit of Leigh Rothschild, a "principle" at Plaintiff. (*Id.*).

Mr. Rothschild explained why he thought a "reasonable award of damages" would be from $75,000 to $1,000,000. Mr. Rothschild cited in support "the attached preliminary claim chart and evidence of use (Exhibit A)." (D.I. 17-1 ¶ 5). No such Exhibit A was attached. The only facts offered (without providing the underlying supporting documents) were that Defendant's 2019 revenue was the equivalent of $1,290,000,000, citing its annual report, and that patent licensing rates per "smallbusiness.chron.com" range from "3 to 6 percent of gross sales." Mr. Rothschild continued that a "conservative 3 percent royalty rate" combined with Defendant's use of the accused technology for at least five years would result in $10,000,000 in damages, more or less. (*Id.* ¶ 8). Mr. Rothschild's math is less reliable than his spelling. I would think the minimum calculation using Mr. Rothschild's inputs should be $1,290,000,000 x .03 x 5 = $193,500,000.

Page 1 of 3

Mr. Rothschild acknowledges that the "accused technology" is less than the "entire product base, as well as the fact that Plaintiff has been licensing the asserted patent(s) to other parties." So he suggests a reduction from $10,000,000 to "$75,000 to $1,000,000." (*Id.* ¶ 9). I think it is safe to say that the back of the envelope analysis is completely insufficient.

Damages in a patent case are not easy to estimate or calculate. An expert gets paid hundreds of thousand of dollars to justify numbers that are usually a few orders of magnitude different from the other side's expert's calculation.

Nevertheless, to effectuate judgment I need to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). I am supposed to award "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty." 35 U.S.C. § 284.

I asked Plaintiff for any settlement agreements in other cases filed in this District. I was provided with three settlement agreements (D.I. 22), one of which was against a defendant who makes automobiles and two of which were against defendants who (I think) make stereo systems. No settlement agreements were provided for four other cases (one of which had been transferred to another district and one of which was against a defendant who came in and out of bankruptcy during the case). Besides for the bankrupt and the transferee, the fact that the two other cases—both with automobile manufacturer defendants—ended without settlement agreements suggests that those cases ended essentially in "walk-away" agreements.

The three settlement agreements that were provided averaged $19,167 as the amount of the settlement. (*Id.*). Pretty clearly, both from the course of proceedings I have seen in the cases filed by Plaintiff in this District and from the proceedings in this particular case, Plaintiff's business model does not involve actual litigation of cases, or the hiring of a damages expert. The goal is simply a "nuisance-value" settlement. On the other hand, it would seem anomalous that a

defendant who defaults should end up better off than a defendant who makes an appearance. A judgment at the bottom of Plaintiff's suggested range (*i.e.*, $75,000) is unsupported speculation. But a *settlement* in line with the three settlement agreements (*i.e.*, $20,000) seems to me to be what would likely have happened had Defendant appeared.

As much as I would like to enter a judgment for $20,000 and close this case, I cannot on the basis of this record do so. While I think I have a better basis for determining the damages are $20,000 than I would for Plaintiff's suggested range, it too is based on very little.

So, I think the motion for default judgment must be denied for lack of proof of damages. The denial is without prejudice.

I will give Plaintiff an option as to how it wants to proceed. For example, if it wants to take discovery and develop a basis for a damages amount, I will permit that. Or, if it wants me to enter a nominal judgment of $1, I will do that. Or, if it wants to dismiss the case, I will do that. Or perhaps it has some other possible plan.

The motion for default judgment (D.I. 17) is **DENIED** without prejudice.

Plaintiff is requested to submit a **STATUS REPORT** within **TEN** days explaining how it wants to proceed.

IT IS SO ORDERED this 5th day of August 2021.

/s/ Richard G. Andrews
United States District Judge